# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

JAKE TOMLIN,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.

Case No.:   3:16-cv-945-J-32PDB
                3:14-cr-95-J-32PDB

## ORDER

This case is before the Court on Petitioner Jake Tomlin's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1, § 2255 Motion).[1] Petitioner pled guilty to three counts of distributing or possessing with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 841(b)(1)(C), and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). (See Crim. Doc. 19, Change-of-Plea Minute Entry); (Crim. Doc. 42, Plea Tr.). The Court sentenced Petitioner to concurrent terms of 60 months on each count, for a total term of 60 months in prison. (Crim. Doc. 28, Judgment). Petitioner raises a single claim: that his sentence violates the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015).

---

[1] Citations to the record in the underlying criminal case, United States v. Jake Tomlin, No. 3:14-cr-95-J-32PDB, will be denoted as "Crim. Doc. __." Citations to the record in the civil 28 U.S.C. § 2255 case, No. 3:16-cv-945-J-32PDB, will be denoted as "Civ. Doc. __."

1

The United States filed a response in opposition (Civ. Doc. 6, Response), and Petitioner did not file a reply. The matter is ripe for review. Under 28 U.S.C. § 2255 and Rule 8(a) of the Rules Governing Section 2255 Proceedings, a hearing is not necessary to resolve this action. See Rosin v. United States, 786 F.3d 873, 877 (11th Cir. 2015) (an evidentiary hearing is not required when the petitioner asserts allegations that are affirmatively contradicted by the record or patently frivolous, or if in assuming the facts that he alleges are true, he still would not be entitled to any relief). For the reasons below, Petitioner's § 2255 Motion is due to be denied.

**I.   Discussion**

Under 18 U.S.C. § 922(g), a person convicted of being a felon in possession of a firearm is ordinarily subject to a maximum term of imprisonment of 10 years. 18 U.S.C. § 924(a)(2). Under the Armed Career Criminal Act (ACCA), however, that person is subject to an enhanced mandatory minimum sentence of 15 years in prison if he has three or more prior convictions for a violent felony or a serious drug offense, or both. 18 U.S.C. § 924(e). The ACCA defines the term "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that

(i)   has as an element the use, attempted use, or threatened use of physical force against the person of another; or
(ii)  is burglary, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another.</u>

18 U.S.C. § 924(e)(2)(B)(i)-(ii) (emphasis added). Subsection (i) is referred to as the "elements clause," the first nine words of subsection (ii) are referred to as the "enumerated offense clause," and the rest of subsection (ii), which is emphasized

2

above, is referred to as the "residual clause." Mays v. United States, 817 F.3d 628, 730-31 (11th Cir. 2016).

In Johnson v. United States, the Supreme Court held that the residual clause is unconstitutionally vague. 135 S. Ct. at 2557-58, 2563. However, the Supreme Court confined its holding to the ACCA's residual clause; it did not call into question any other portion of the ACCA, such as the elements clause, the enumerated offense clause, or the definition of a "serious drug offense." See id. at 2563. Nor did Johnson call into question the constitutionality of the statutes prohibiting possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1), or the distribution of a controlled substance, 21 U.S.C. § 841.[2]

Two years after deciding Johnson, the Supreme Court ruled that Johnson's holding does not extend to the residual clause of the Sentencing Guidelines' career offender provision, U.S.S.G. § 4B1.2. Beckles v. United States, 137 S. Ct. 886, 890 (2017). The Supreme Court reasoned that advisory sentencing guidelines "do not implicate the twin concerns underlying vagueness doctrine—providing notice and preventing arbitrary enforcement." Id. at 894. "Accordingly, [the Court held] that the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness." Id. at 895.

The following year, the Supreme Court held that the residual clause of 18 U.S.C.

---

[2] Johnson applies retroactively on collateral review. Welch v. United States, 136 S. Ct. 1257, 1265 (2016).

3

§ 16(b), which defines the term "crime of violence" in language resembling the ACCA's residual clause, is unconstitutionally vague as applied in immigration cases. Sessions v. Dimaya, 138 S. Ct. 1204, 1216 (2018). However, Dimaya also did not call into doubt the validity of 18 U.S.C. § 922(g)(1) or 21 U.S.C. § 841. And in United States v. Davis, No. 18–431, the Supreme Court will decide the fate of the residual clause of 18 U.S.C. § 924(c)(3) in light of Johnson and Dimaya. But Davis also does not raise any questions about the validity of 18 U.S.C. § 922(g)(1) or 21 U.S.C. § 841.

The foregoing review makes Petitioner's case straightforward. Petitioner argues that his sentence is illegal in light of Johnson v. United States. However, Petitioner was not sentenced under the ACCA, nor was Petitioner convicted of carrying a firearm in furtherance of a crime of violence under 18 U.S.C. § 924(c). Rather, Petitioner was convicted and sentenced only for distribution of cocaine base and possession of a firearm by a convicted felon. (Crim. Doc. 28). Petitioner's sentence does not rely on the residual clauses found in 18 U.S.C. §§ 924(e), 924(c)(3), or 16(b).[3] And as noted above, neither Johnson, Dimaya, nor Davis raise any questions about the validity 18 U.S.C. § 922(g)(1) or 21 U.S.C. § 841. Moreover, the Eleventh Circuit has rejected void-for-vagueness challenges to both of these statutes. See United States v. Vereen, 920 F.3d 1300, 1312 (11th Cir. 2019) (rejecting a void-for-vagueness challenge to 18 U.S.C. § 922(g)(1) based on the absence of a defense for innocent transitory possession, or "ITP."); United States v. Moody, 555 F. App'x 867, 869 (11th Cir. 2014) ("The plain

---

[3] Although the Supreme Court rejected vagueness challenges to advisory sentencing guidelines, Beckles, 137 S. Ct. at 895, nor was Petitioner sentenced as a career offender.

4

language of § 922(g) makes clear that it is unlawful for any person who has been convicted of a felony to 'possess in or affecting commerce, any firearm or ammunition,' and as Moody has failed to show how that provision is so vague that a person of ordinary intelligence would have to guess at its meaning, his void-for-vagueness argument must fail."); United States v. Saget, 991 F.2d 702, 714 (11th Cir. 1993) (rejecting vagueness challenge to 21 U.S.C. § 841 based on the statute's failure to define "cocaine base.") (citing United States v. Williams, 876 F.2d 1521 (11th Cir. 1989)). Accordingly, Petitioner's vagueness challenge must fail.

Petitioner cites two Eleventh Circuit cases that he claims support his argument: United States v. Matchett, 802 F.3d 1185 (11th Cir. 2015), and United States v. Clarke, 822 F.3d 1213 (11th Cir. 2016) ("Clarke III"). § 2255 Motion at 2.[4] However, Petitioner misunderstands the holdings of those cases. In Matchett, the Eleventh Circuit held (before the Supreme Court did in Beckles) that advisory sentencing guidelines are not subject to void-for-vagueness challenges. Matchett, 802 F.3d at 1193-96. In Clarke, the Eleventh Circuit certified a question to the Florida Supreme Court about whether a guilty plea to a felony, for which adjudication was withheld, qualifies as a prior conviction under § 790.23(1), Fla. Stat., the Florida statute prohibiting possession of a firearm by a convicted felon. United States v. Clarke, 780 F.3d 1131, 1133 (11th Cir. 2015) ("Clarke I"). The Eleventh Circuit did so because Florida law suggested that a guilty plea with adjudication withheld was not a

---

[4] Petitioner refers to Clarke as United States v. Jenkins, No. 13–15784 (11th Cir. May 11, 2016), but they are the same case. Bobby Jenkins was a co-defendant in that case along with the lead appellant, Joseph Peter Clarke.

conviction, but circuit precedent held that it was. Id. at 1132-33. The Florida Supreme Court responded that "for purposes of section 790.23(1)(a), a guilty plea for a felony for which adjudication was withheld does not qualify as a 'conviction.'" Clarke v. United States, 184 So. 3d 1107, 1108 (Fla. 2016) ("Clarke II"). Thus, in keeping with Florida law, the Eleventh Circuit vacated defendant Bobby Jenkins's conviction under 18 U.S.C. § 922(g) for possession of a firearm by a convicted felon. Clarke III, 822 F.3d at 1214. However, in neither Clarke III nor Matchett did the Eleventh Circuit declare any statutes to be unconstitutionally vague. Moreover, Clarke III does not apply to Petitioner because he was in fact adjudicated guilty of the prior offense underlying his § 922(g) conviction, i.e., a 1998 adjudication of guilt for the sale or delivery of cocaine. Presentence Investigation Report at ¶ 42. As such, neither Clarke III nor Matchett entitles Petitioner to relief.[5]

## II. Conclusion

Petitioner's vagueness challenge lacks merit because he has not been sentenced under any statute that has been declared void for vagueness. Therefore, in accordance with the Rules Governing Section 2255 Proceedings, it is **ORDERED:**

1. Petitioner Jake Tomlin's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1) is **DENIED**.

2. The Clerk shall enter judgment in favor of the United States and against Petitioner, and close the file.

---

[5] The other cases cited by Petitioner are inapposite and unavailing.

6

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue… only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Petitioner has not made the requisite showing in these circumstances. Because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** at Jacksonville, Florida this 9th day of July, 2019.

TIMOTHY J. CORRIGAN
United States District Judge

lc 19

Copies:
Counsel of record
Petitioner